UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA CARRILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | No. 1:19-cv-01767-GSA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA ATTORNEY'S FEES IN PART**<br><br>**(Doc. 26)** |

### I.    Introduction and Procedural Background

On December 19, 2019 Plaintiff Lucia Carillo ("Plaintiff") sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act.  Doc. 1. The Court found that substantial evidence and applicable law did not support the ALJ's decision. On February 2, 2021 the Court issued an opinion directing entry of judgment in favor of Plaintiff and remanding the matter to the agency for further proceedings consistent with the Court's opinion. Doc. 24.  Judgment was entered the same day.  Doc. 25.

Specifically, the Court found that the ALJ erred in three respects: 1) not acknowledging Plaintiff's ankle impairment or corresponding records; 2) not providing specific and legitimate reasons for rejecting the opinion of Plaintiff's treating neurosurgeon; and 3) not providing clear and convincing reasons for rejecting Plaintiff's subjective symptomology.  Doc. 24 at 10, 14, 16. Accordingly, the Court found that remand was appropriate for the ALJ to: 1) consider whether Plaintiff's left ankle impairment was a severe impairment and, even if not severe, whether it never the less impacted her RFC; 2) to properly evaluate Dr. Oladunjoye's opinion; and 3) to properly evaluate Plaintiff's subjective testimony.

On May 3, 2021 Plaintiff moved for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Doc. 26.  In support of his request for

$9,696.17 in fees and costs, Plaintiff's counsel filed a contemporaneous declaration detailing his billing and time records. Doc. 27. Defendant filed a response brief on May 17, 2021 opposing Plaintiff's motion. Doc. 28. Plaintiff replied on June 2, 2021. Doc. 29. For the reasons that follow, Plaintiff's motion will be granted in part.

## II. Discussion

Defendant opposes Plaintiff's motion on three grounds:[1] 1) that Defendant's factual and legal arguments were substantially justified, making a fee award under the EAJA inappropriate; 2) that Plaintiff improperly billed for clerical tasks which are not compensable under the EAJA; 3) that the fee award must be made payable to Plaintiff, not her counsel. Each argument will be addressed in turn.

### A. Substantial Justification

#### 1. Legal Standard

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff appealing a denial of Social Security benefits need not be awarded benefits to be considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A plaintiff who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing

---

[1] Defendant also argues that costs are awardable under 28 U.S.C. § 1920, not the EAJA. But Defendant does not dispute the fact that costs are indeed awardable. *See Thangaraja v. Gonzales*, 428 F.3d 870, 877 (9th Cir. 2005) (awarding fees and costs under the EAJA without distinguishing the statutory bases for each).

party under the EAJA. *Id.* A prevailing party is entitled to a fee award when the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). While the prevailing party must only allege that the position of the United States was not substantially justified, the United States must carry the burden of establishing substantial justification. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

"To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree' . . . only that its position is one that 'a reasonable person could think it correct, that is, has a reasonable basis in law and fact.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The substantial justification standard is satisfied if there is a "genuine dispute" of fact or law, even if the court ultimately rules against the government. *See Pierce*, 487 U.S. at 565. The determination of substantial justification is a matter within the discretion of the district court. *Pierce v. Underwood*, 487 U.S. 552 (1988); *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1473 (1st Cir. 1989).

Pursuant to 28 U.S.C. § 2412(d)(2)(D) "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . .'" Thus, the substantial justification standard applies not only to the underlying agency action in denying benefits, but also to the legal and factual positions advanced by the government's attorneys during the litigation.

### 2. <u>Analysis</u>

#### a. <u>Ankle Impairment</u>

First, Defendant argues that reasonable minds can disagree whether the ALJ committed harmful error in failing to address Plaintiff's ankle impairment at steps two and four of the five step sequential process. Defendant contends that a reasonable mind could find the ALJ's error harmless

because the record contained evidence consistent with the notion that Plaintiff's ankle impairment was non-severe and did not last twelve months. Defendant then canvasses the extensive evidence of record (the same evidence Defendant cited in the underlying merits briefing) supporting the notion that Plaintiff's ankle impairment was non-severe, including: 1) x-ray findings limited to a small bone spur; 2) subsequent diagnosis limited to an ankle sprain; 3) a productive course of physical therapy resulting in improved ankle strength, stability and range of motion; 4) self-reported reduction in ankle pain following physical therapy; 5) achievement of physical therapy goals including home exercise independence and normalized gate; 6) unremarkable subsequent clinical findings. Resp. at 3, Doc. 28.

Defendant's argument misses the mark. Defendant's "position" advanced in the litigation was not merely that the medical records support a finding of non-severity. Rather, the unstated position the Defendant took was that it is the Court's role to make such a non-severity finding in the first instance on appeal absent such a finding in the ALJ's opinion. Defendant took this position under the guise of a "harmless error" analysis, but Defendant cited no precedent (published or unpublished) at any level of review (district court, appellate court, or otherwise) supporting the notion that a federal district court can make a step two finding of non-severity for the first time on appeal based on the Court's independent review of the medical evidence.

Federal courts reviewing the agency's decisions are not triers of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Although a court's review of the ALJ's fact finding is deferential, the ALJ's opinion must at a minimum contain some factual conclusions to which the court could defer. Here, as to Plaintiff's ankle impairment, the ALJ's opinion contained no conclusions. She simply did not acknowledge the impairment.

Defendant's argument also fails to address the ALJ's failure in assessing Plaintiff's RFC prior to step four. Irrespective of severity, all medically determinable impairments are considered when assessing a claimant's residual functional capacity prior to step four. 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity.") (citations omitted). Even assuming Defendant

4

reasonably argued that Plaintiff's ankle impairment was non-severe (and even accepting Defendant's unstated assumption that the Court can make this determination independently of the ALJ), a non-severe medically determinable ankle impairment must still be considered when determining the RFC.

Although existing law does not necessarily establish the ALJs obligation to *articulate* the collective impact of severe and non-severe impairments, the fact that the ALJ never acknowledged Plaintiff's ankle impairment at step two strongly suggests she did not subsequently consider its potential impact on Plaintiff's RFC prior to step four.  Accordingly, affirming the ALJ's decision would have required the Court to step into the ALJ's shoes a second time and determine what impact, if any, Plaintiff's ankle impairment had on her RFC, even if the impairment was non-severe.

In sum, much like his underlying merits brief, Defendant's opposition to Plaintiff's fee motion focuses myopically on the objective medical record with no regard for the content of the ALJ's opinion.  As such, Defendant's position fundamentally misconstrues the Court's role. Defendant's position was not substantially justified.

### b. Dr. Oladunjoye's Opinion; Plaintiff's Symptomology

Next, Defendant argues that its position was substantially justified as to the ALJ's rejection of Dr. Oladunjoye's opinion.  The ALJ rejected Dr. Oladunjoye's opinion as "grossly over-restrictive in light of the clinical examination findings from before her surgery and the evidence of improvement with physical therapy soon after surgery, as discussed above." AR 25.  As explained in the Court's opinion, the ALJ's discussion of the relevant records was not entirely balanced or complete as she focused on physical therapy records demonstrating improvement while overlooking findings in the same records documenting continued deficits.  Doc. 24 at 13–14. Nevertheless, the Court did acknowledge that "[a]s to pre-surgical clinical examination findings, a review of the ALJ's cited exhibits largely confirms the accuracy of her description." *Id.* Moreover, the Court noted that the ALJ's error in selectively describing the physical therapy records was amplified in part by her rather terse discussion of the medical file generally. On balance, although the Court disagreed with Defendant's position, a reasonable mind could potentially conclude that the ALJ's discussion was sufficient.

The ALJ offered two of the same reasons for discounting Plaintiff's symptomology as she did for discounting Dr. Oladunjoye's opinion, namely clinical examination findings and post-surgical improvement. The Court found the reasoning "equally insufficient to justify the rejection of Plaintiff's testimony under the applicable 'clear and convincing' standard." Doc. 24 at 15. Although the "clear and convincing standard" applicable to subjective symptomology has been described as "the most demanding required in Social Security cases,"[2] the Court will accept for the sake of argument that the Defendant's position on this issue was substantially justified, though it was ultimately incorrect.

Notwithstanding the Defendant's positions as to the medical opinion evidence and the symptomology evidence, however, Defendant's position as to Plaintiff's ankle impairment was not substantially justified, as explained above. This warrants a fee award in full, subject to the minor offset set forth below. Although this issue is not addressed by the parties, a full fee award is warranted even where some of the government's positions were substantially justified. Indeed, existing law supports an even stronger proposition, namely that a fee award should not be reduced where Plaintiff succeeds on some claims but not others. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."); *Eastman v. Astrue*, No. 3:11-cv-00701-PK, 2013 WL 1130784 (D. Or. Jan. 25, 2013) *5 (finding all hours were reasonable expended in furtherance of a successful result (remand) even though the court did not accept all of Plaintiff's legal theories). Here, the Court did accept essentially all of Plaintiff's legal theories. Thus, a full fee award is warranted even assuming some of the Defendant's positions may have been substantially justified.

      **B.**    **Billing for Clerical Tasks**

           **1.**    **Legal Standard**

Having determined a fee award is appropriate, the Court must consider the reasonableness of the fee request. *See* 28 U.S.C. § 2412(d)(2)(A). Under fee shifting statutes the movant generally

---

[2] *Moore v. Commissioner of Soc. Sec.*, 278 F.3d 920, 924 (9th Cir. 2002).

bears the burden of documenting hours and establishing reasonableness of the fee request. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In addition to the overall fee request, each individual billing entry is also subject to scrutiny. *Spegon v. Catholic Bishop*, 175 F.3d 544, 552 (7th Cir. 1999). Counsel is entitled to compensation for all work a reasonable and prudent lawyer would undertake to advance her client's interests. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

EAJA hourly rates are capped at $125.00 per hour plus annual cost of living adjustments pursuant to the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and published electronically by the Ninth Circuit Court of Appeals. *See* 9th Cir. R. 39-1.6. The rate set for 2019 was $205.25 per hour.[3]

Purely clerical or administrative tasks are generally not compensable, including summons preparation, service of process, IFP applications, mailing preparations, and ECF downloading or uploading. *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished); *Hicks v. Comm'r of Soc. Sec.*, No. 217CV02480TLNKJN, 2019 WL 2537953, at *3 (E.D. Cal. June 20, 2019); *Cathey v. Comm'r of Soc. Sec.*, 2013 WL 1694950 at *8 (E.D. Cal. Apr. 18, 2013)

## 2. <u>Analysis</u>

Here, contemporaneously with his fee application, Plaintiff's counsel filed a declaration in support containing detailed billing entries. Doc. 26. Counsel seeks compensation at the Ninth Circuit's approved rate of $205.25 for 45.1 hours of work. Counsel asserts that the request is reasonable given the lengthy administrative record (nearly 3,000 pages), the multiple legal issues involved, and Plaintiff's extensive course of medical treatment with numerous treating providers. Generally speaking, the Court agrees.

Defendant takes issue with only five specific entries totaling less than one billable hour, and accordingly seeks a $134.69 reduction:

---

[3] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, *available* at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 9, 2021).

- 12-20-2019 JW E-mail to client sending Court's scheduling order with case number and explain same 0.15 hours, $205.25/hr, $30.79

- 01-08-2020 JW Prepare certification re: service of process and magistrate's consent 0.10 hours, $207.78/hr, $20.78

- 04-17-2020 JW Review local rule regarding stay of case; review scheduling order 0.20 hours, $207.78/hr, $41.56

- 09-28-2020 JW E-mail to Lucia confirming filing of brief and send same, 0.10 hours, $207.78/hr, $20.78

- 02-02-2021 JW E-mail to Lucia and Rob Smolich re: case remand 0.10 hours, $207.78/hr, $20.78

Based on prevailing law as cited above and in Defendant's brief, the Court does not necessarily agree with Defendant that all five of these items fall under the umbrella of non-compensable clerical work (particularly the 12 minute review of the Court's stay order and scheduling order, the interrelationship of which is not entirely self-explanatory, and which has been implemented in a some subtly different ways by judges within the district). Nevertheless, Plaintiff did not address these items in his reply. The Court will not advance arguments on Plaintiff's behalf, particularly over a relatively insignificant sum. The fee award will be reduced by $134.69.

**C.     Award Payable to Plaintiff**

As Defendant underscores in his response, EAJA are fees are payable to the "prevailing party," not to her counsel. 28 U.S.C. § 2412 (d)(1)(A); *Ratliff*, 560 U.S. at 590. The enforceability of the assignment agreement between Plaintiff and counsel depends on the extent to which any fees are subject to offset under the U.S. Treasury's Offset Program. *Ratliff*, 560 U.S. at 597.

### IX. Order

Plaintiff's motion for attorney fees and costs (Doc. 26) is **granted in part.** Fees and costs in an amount of $9,561.48 are awarded in favor of Plaintiff Lucia Carrillo and against Defendant Andrew Saul, Commissioner of Social Security.

Fees shall be made payable to Plaintiff. But if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of $9,561.48 in fees, expenses and costs to be made directly to Plaintiff's Counsel, Jared T. Walker, pursuant to the assignment executed by Plaintiff (Doc. 27-1 at 2).

IT IS SO ORDERED.

Dated:   **June 10, 2021**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE